CLEVELAND TEL. CO. v. STONE et al.

(Circuit Court, N. D. Illinois, N. D.    October 10, 1900.)

No. 25,665.

1. EXCHANGES — RIGHT OF PROPERTY IN QUOTATIONS — PROTECTION BY INJUNCTION.

   There exists in the board of trade of the city of Chicago a right of property in the quotations made upon the transactions of its exchange until the same are made over to the public, and it is within the powers of the board to convey such right by contract to a third person who is entitled to protection in the enjoyment of the same before publication by injunction against the unauthorized publishing or distributing of such quotations by others.

2. PARTIES IN EQUITY—NONJOINDER OF FORMAL PARTIES—FEDERAL COURTS.

   A federal court will not require the joinder of one who is a proper, but not an indispensable, party, when such joinder would defeat its jurisdiction.

In Equity. On motion for preliminary injunction and on demurrer to bill.

Henry S. Robbins, for complainant.
Kerr & Fullen and Bulkley, Gray & More, for defendants.

KOHLSAAT, District Judge. This is a suit brought by complainant, a corporation of West Virginia, for the purpose of obtaining both a temporary and permanent injunction against defendants, prohibiting the latter from obtaining, receiving, selling, or distributing quotations of the Chicago Board of Trade; the complainant claiming right thereto by virtue of its contract with the said board of trade set forth in the bill. The cause now coming on to be heard before me on application for a preliminary injunction upon bill and affidavits and arguments of counsel, and also upon demurrer to the bill, and the same having been duly considered, I am of the opinion:

1. That there exists in the board of trade of the city of Chicago a right of property in the quotations made upon the transactions of its exchange until the same are made over to the public.

2. That there is no such dedication to public use shown herein as will serve to defeat or terminate such property right in the party entitled thereto.

3. That it was within the powers of said board of trade to convey to complainant the property right in said quotations in the manner set out in its contract with complainant, and that complainant acquired good title to the same by said contract as against these defendants.

4. That defendants have appropriated and used, and are appropriating and using, said quotations before publication thereof, wrongfully, and contrary to law, and in violation of complainant's rights.

I deem this latter finding satisfactorily established by the proofs submitted by complainant, corroborated by the shuffling evasiveness of the affidavits presented by defendants. There is indubitable proof that defendants have entered into a scheme to defraud some one out of a valuable property right. While the board of trade of Chicago has an interest in the subject-matter of this suit, and would be a proper party, yet, following the trend of precedent in the federal courts based upon equity rule 47, the court will not require the board of trade to be joined as complainant herein, as such joinder would oust the jurisdiction of this court, and the rights of the parties now before it can be fully determined in this proceeding without prejudice to the rights of said board. Granting that the right to these quotations is a property right, then it cannot be denied that complainant is greatly damaged by the broadcast scattering of these quotations by purloiners, who, by reason of having to pay nothing for these quotations so stealthily obtained by them, can obviously render complainant's right of property, acquired by the payment of two dollars per subscriber to the board of trade, valueless. I am therefore of the opinion that a temporary injunction should issue as prayed, and complainant's counsel may prepare an order accordingly. The demurrer to the bill is overruled.